GOLDING BROS. Co., INC. *v.* UNITED STATES (No. 3948)[1]

---

[1] T. D. 48289.

United States Court of Customs and Patent Appeals, April 20, 1936

*Siegel & Mandell* (*Philip Stein* of counsel) for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Webster J. Oliver*, special attorney, of counsel), for the United States.

[Oral argument April 10, 1936, by Mr. Siegel and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This appeal is from the judgment of the First Division of the United States Customs Court in a reappraisement proceeding. This case has been before us on two prior occasions. The local appraiser found that the correct dutiable value for the cotton cloth ticking, known as "Commodore", here involved, was the United States value, and also found that there was no foreign or export value. The importer appealed to the single reappraising judge, contending that there was a foreign value for the merchandise. Appellant there admitted that there was no export value and also admitted that if there was no foreign value, the United States value arrived at was the correct one.

Judge Kincheloe, the single reappraising judge, found that there was no foreign value and that the appraised value—the United States value—was the proper dutiable value.

From the judgment of Judge Kincheloe, the importer appealed and the First Division of the United States Customs Court, one judge dissenting and writing a separate opinion, affirmed the judgment of Judge Kincheloe, Judge McClelland writing an opinion and Judge Sullivan concurring in the conclusion of Judge McClelland.

From the judgment of said First Division, the importer appealed to this court, and in *Golding Bros. Co., Inc.* v. *United States*, 21 C. C. P. A. (Customs) 395, T. D. 46926, we discussed the holdings of each of the judges, found that the opinions of the appellate division of the Customs Court showed that there was no weighing by that tribunal of certain evidence introduced at the trial, and that there was no sufficient statement of the findings of fact as required by the statute, reversed the judgment, and remanded the cause for a rehearing. We there said:

It is our conclusion in the instant case that, for the reasons indicated, the appeal from the single judge may be reheard, to the end that there may be a consideration and weighing of all the competent evidence in the case, and a statement of findings of fact in conformity with the statute.

After said cause was remanded as aforesaid, the First Division again considered the case upon the record made in the trial before Judge Kincheloe. In deciding the case, Judge McClelland again wrote an opinion and Judge Sullivan wrote a concurring opinion, Judge Brown dissenting. The judgment of the court again affirmed the judgment of the single reappraising judge. Importer appealed from the said judgment to this court, and in *Golding Bros. Co., Inc.* v. *United States*, 22 C. C. P. A. (Customs) 590, T. D. 47585, we called attention to our former remand of the case and again concluded that the decision contained no findings of fact as required by the statute, pointed out that there were no such findings of fact which were concurred in by a majority of the court, and said:

Inasmuch as the decision and judgment appealed from do not embrace any findings of fact as required by section 501, *supra*, the judgment is *reversed* and the case is *remanded* for further proceedings to the end that a decision may be rendered in accordance with the provisions of the statute governing reappraisements by the Customs Court.

Thereafter, the First Division again considered the case upon the record made before Judge Kincheloe, and in an opinion by Judge Sullivan in which there is a full concurrence by Judge McClelland (Judge Brown dissenting), the evidence, to which reference had been made in the opinions of this court and in the decisions of the tribunals below on the several previous hearings, was fully weighed and considered. The evidence consisted of that which was introduced by the appellant, to wit, the affidavit of the seller, Eugene Bekaert, and three special agent reports and a sample of the imported merchandise, introduced by the Government. There was no other documentary evidence and no oral testimony introduced on the trial before Judge Kincheloe.

The majority opinion of the division, whose judgment is here appealed from, discusses this evidence in detail and the opinion shows that the evidence was carefully considered and weighed. It is not necessary to quote here what was said by the court there. The majority of the court arrived at the conclusion that the record did not show that the merchandise had a foreign value. It also found that there was no export value and that there was a United States. value which was the correct dutiable value, and again affirmed the judgment of the single reappraising judge.

In our decision in *Golding Bros. Co., Inc.* v. *United States*, 21 C. C. P. A. (Customs) 395, T. D. 46926, we pointed out, as we have done on many previous occasions, that while the appellate division of the United States Customs Court, in reviewing the judgment of the single reappraising judge, passes on both facts and law, this. court, on appeal, passes "upon a question or questions of law only."

In this kind of proceeding it is not our province to weigh evidence and where the evidence has been weighed by the United States Customs Court, and where there is any substantial evidence to support the findings below, this court will not disturb such findings. See *Veolay, Inc., J. E. Bernard & Co., Inc. v. United States*, 23 C. C. P. A. (Customs) 101, 108–109, T. D. 47766.

We have again considered the record made before Judge Kincheloe, which has been carefully discussed and reviewed in the majority opinion below, and find ourselves in disagreement with the contention of the appellant here that the majority opinion is not supported by any substantial evidence. This view requires, therefore, that the judgment appealed from should be and it is *affirmed*.